WILMOT BLAKESLEE, PLAINTIFF IN ERROR, v. JAMES K. DYE, DEFENDANT IN ERROR.

AUTHENTICATION OF WRIT TO TAKE DEPOSITION.—A *dedimus* issued by a court of record to take the deposition of a witness to be used on the trial of a cause is a writ, and must be authenticated by the officer issuing it by the seal of the court, like other writs.    Without such authentication the writ is a nullity, and a deposition taken under it is inadmissible in evidence.

*Error to County Court of Otero County.*

Mr. JAMES HOFFMIRE, for plaintiff in error.

Mr. A. F. THOMPSON, for defendant in error.

BISSELL, J.    Dye brought this action against Blakeslee, before a justice in Otero county, to recover one hundred and twenty-five dollars, which he claimed as a commission upon the sale of certain property belonging to Blakeslee. After a trial before the justice an appeal was taken to the county court, where the action was tried by a jury, which found a verdict of fifty dollars in favor of the plaintiff, on which the judgment was entered whereon error is assigned. During the progress of the litigation in the county court, the plaintiff, Dye, sued out a *dedimus* to take the testimony of

one Desent, in Fayette county, Iowa. Divers errors are insisted upon and argued by counsel in their briefs, but the only one important to consider, is that predicated upon the form of the *dedimus* under which the testimony was taken. The writ appears in the record, and was apparently issued by the judge of the county court, acting as his own clerk. It is without a seal or any other form of authentication. A motion was made prior to the trial to suppress the deposition because of this irregularity. The error is well assigned. The statute requires (Code of 1877, § 349), that the deposition of a witness residing out of the state must be taken upon a commission, to be issued by the clerk under the seal of the court. This statute is but declaratory of the law as it existed prior to this enactment. The seal of the court was always a necessary and essential part of every writ issued at the common law. In no other manner did a court of record authenticate its process. It is clear, under the authorities, that a *dedimus* is a writ, and that it is a process requiring a seal. *Freeman v. Lewis,* 5 Iredell 91 ; *Ford et al. v. Williams,* 24 N. Y. 359 ; *Tracy v. Suydam et al.,* 30 Barb. 110 ; *Churchill v. Carter,* 15 Hun 385 ; *Byington v. Moore,* 62 Iowa 470.

The statutory provision is in harmony with the general law upon the subject. It must therefore be true, that the specific requirement of the statute upon the subject must be observed, in order to render the process available as an authority to an officer to take the testimony, and that without it the writ would be a nullity, and a deposition taken under it would be inadmissible as evidence. The motion to suppress the deposition should have been sustained, and for the error of the court in this particular the cause must be reversed and remanded.

*Reversed.*